**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERICK LUDWING GALVEZ-PALMA; ISABEL CRISTINA GALVEZ, | No. 08-74546 |
| Petitioners, | Agency Nos. A071-586-251 A071-586-253 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Erick Ludwing Galvez-Palma and Isabel Cristina Galvez, natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals'

("BIA") order denying their motions to reconsider and reopen.  We have

jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motions to reopen or reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

In their opening brief, petitioners fail to challenge the BIA's determination that their motion to reconsider was untimely and the BIA's denial of their motion to reopen to reapply for cancellation of removal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion in denying petitioners' motion to reopen their application for asylum and withholding of removal as untimely because they did not file the motion within 90 days of the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and they failed to demonstrate material changed circumstances in Guatemala to qualify for the regulatory exception to the time limit, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief in order to reopen proceedings based on changed circumstances).

We decline to consider the new evidence petitioners attach to their opening brief because our review of the BIA's order is limited to the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

PETITION FOR REVIEW DENIED.

08-74546